DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the January 29, 2007 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Nathaniel Boles, following a finding of guilty based upon a guilty plea. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "I. The Court of common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum otherwise mandated by the Sixth andFourteenth Amendments.
 {¶ 3} "II. The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense.
 {¶ 4} "III. The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
 {¶ 5} "IV. The Rule of Lenity requires the imposition of minimum sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed."
 {¶ 6} Appellant's guilty pleas to charges of attempt to commit possession of crack cocaine, a violation of R.C. 2923.02 and 2925.11(A) and (C)(4)(d), a felony of the third degree. Appellant was sentenced to two mandatory years of imprisonment.
 {¶ 7} On appeal, appellant argues that the holding of State v.Foster (2006), 109 Ohio St.3d 1 violates the Sixth Amendment and Due Process Clause of the Fourteenth Amendment to the United States Constitution and the precedent set by United States v. Booker (2005),543 U.S. 220, Blakely v. Washington (2004), 542 U.S. 296, andApprendi v. New Jersey (2000), 530 U.S. 466 because the Foster holding permits the sentencing *Page 3 
court to exercise its discretion in sentencing rather than requiring the court to impose the minimum statutory sentence. Furthermore, he argues that the Foster holding constitutes an ex post facto law and goes against the rule of lenity.
 {¶ 8} First, we note that none of these arguments were presented to the trial court at the sentencing hearing. Therefore, all the issues are waived on appeal absent plain error. State v. Ferreira, 6th Dist. No. L-06-1282, 2007-Ohio-4902, ¶ 10. Nonetheless, as we held recently inState v. Valenti, 6th Dist. No. WD-07-004, 2007-Ohio-4911, ¶ 13, this court has rejected all of these arguments and, based upon the doctrine of stare decisis, we will not alter our precedent that theFoster remedy does not violate the Sixth Amendment and Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 23; State v.Barber, WD-06-036, 2007-Ohio-2821; State v. Johnson, L-06-1364,2007-Ohio-3470; State v. Robinson, L-06-1205, 2007-Ohio-3577.
 {¶ 9} All of appellant's assignments of error are found not well-taken.
 {¶ 10} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., concur. *Page 1