DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Donald Harvey, appeals from his convictions on two counts of gross sexual imposition, both violations of R.C. 2907.05.04(A)(4) and felonies of the third degree. The offenses for which appellant was convicted occurred between December 1, 2005 and January 31, 2006. On January 8, 2007, the Wood County Court of Common Pleas classified appellant as a sexually oriented offender and imposed two *Page 2 
consecutive four year sentences for the violations of R.C. 2907.05.04(A)(4). Appellant sets forth the following assignments of error:
 {¶ 2} "I. The trial court erred in sentencing Donald Harvey to a non-minimum [sic] consecutive prison term for gross sexual imposition in violation of the United States Constitution and his rights under the constitution.
 {¶ 3} "II. The trial court should not have imposed a consecutive sentence or more than minimum time because the record does not support such a sentence."
 {¶ 4} Under his Assignment of Error No. I, appellant argues that the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856 violates his rights under the United States Constitution and the Ohio Constitution.
 {¶ 5} Appellant points out that at the time that he committed the violations of R.C. 2907.05.04(A)(4), former R.C. 2929.14(B) through (E)(2) created a presumption for the imposition of minimum and concurrent sentences. This presumption could be overcome only if the court made specific factual findings and, with regard to certain sentences, the reasons for those findings. See, e.g., State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus (holding that in imposing consecutive sentences, a court must not only make the requisite factual findings mandated by R.C. 2929.14(E)(4) but must also state, on the record at the sentencing hearing, the reasons for those findings).
 {¶ 6} The Foster court, however, found the statutes requiring judicial factfinding prior to imposition of maximum, nonminimum, or consecutive sentences were *Page 3 
unconstitutional because they violated a criminal defendant'sSixth Amendment right to jury trial. Id. at paragraph one of the syllabus. Therefore, the Ohio Supreme Court severed these sections from Ohio's statutory sentencing scheme. Id. at paragraph five. Appellant asserts that Foster "unconstitutionally and retroactively" deprived him the statutory presumptions that were in effect at the time that the offenses were committed and, therefore, violates The Ex Post Facto and Due Process Clauses as contained in Article 1, Section 10 of the United States Constitution. He further claims that the Foster remedy itself is unconstitutional because it was reached by the judiciary (the Ohio Supreme Court) giving itself legislative powers in violation of the Separation of Powers Clause to the United States Constitution. In addition, appellant claims that the Foster court's decision deprived him of a right to a trial by jury in violation of the Sixth Amendment to the United States Constitution and violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the rule of lenity.
 {¶ 7} A review of the record of this cause reveals that appellant failed to raise any of his constitutional arguments in the court below, thereby, absent plain error, waiving his right to raise them for the first time on appeal. See State v. Ferreira, 6th Dist. No. L-06-1282,2007-Ohio-4902, ¶ 10. Moreover, this court has rejected most of appellant's arguments and found, "based upon the doctrine of stare decisis, that the Foster remedy does not violate the Sixth Amendment, the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity." State v. Boles, 6th Dist. No. L-07-1064, 2007-Ohio-6880
(citations omitted). Additionally, severance of an unconstitutional provision in a statute *Page 4 
is a remedy reserved for the judiciary; thus, the Foster court did not violate the Separation of Powers Clause. State v. Elswick, 11th Dist. Nos. 2006-L-075, 2006-Ohio-7011, ¶ 37-38. Finally, appellant's equal protection argument is without merit. In the context of sentencing, "`an argument based on equal protection essentially duplicates an argument based on due process.'" State v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823, ¶ 22, quoting Chapman v. United States (1991),500 U.S. 453, 465.
 {¶ 8} For all of the foregoing reasons, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 9} In his Assignment of Error No. II, appellant asserts that the trial court erred in imposing nonminimum, consecutive sentences. Post-Foster a trial court is vested with full discretion to impose a sentence within the statutory range. Id. at paragraph seven of the syllabus. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} The Ohio Supreme Court held in Foster that R.C. 2929.11 and2929.12 must still be considered by trial courts in sentencing offenders. Id. at ¶ 36. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not *Page 5 
demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors. At appellant's sentencing hearing the trial court made statements indicating that it had considered these statutory factors and sentenced appellant to terms of imprisonment within the statutory range for third degree felonies. See R.C. 2929.14(A)(3). Accordingly we find that the trial court did not abuse its discretion in sentencing appellant, and his Assignment of Error No. II is found not well-taken.
 {¶ 11} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1