DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, James T. Warren, appeals the February 2, 2007 judgment of the Lucas County Court of Common Pleas which, following a guilty plea to one count of involuntary manslaughter, R.C. 2903.04(A), sentenced appellant to six years of imprisonment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On August 3, 2006, appellant was indicted on one count of murder, R.C. 2903.02(B) and 2929.02. The charge stemmed from an incident on July 26, 2006, when appellant struck the victim once; the victim fell, hit his head, and later died. Appellant did not know the victim. On August 15, 2006, appellant entered a not guilty plea; thereafter, on January 8, 2007, appellant withdrew his not guilty plea and entered a plea of guilty to one count of involuntary manslaughter. Appellant's plea was obtained pursuant to a plea agreement with the state; the state agreed to recommend that appellant's sentence not exceed six years.
 {¶ 3} On February 2, 2007, appellant was sentenced to six years of imprisonment. This appeal followed.
 {¶ 4} Appellant now raises the following assignments of error for our consideration:
 {¶ 5} "Assignment of Error I: The Ohio Supreme Court's decision inFoster violates the Separation of Powers as set forth in the United States and Ohio Constitutions. As such, Warren's due process and equal protection rights were violated.
 {¶ 6} "Assignment of Error II: The sentence imposed was excessive and not supported by the facts of the case."
 {¶ 7} In appellant's first assignment of error he argues that the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates the separation of powers between the legislative and judicial branches of government. Pursuant to the Supreme Court of Ohio's decision in State v. Payne, 114 Ohio St.3d 502, *Page 3 2007-Ohio-4642, appellant has forfeited this issue because he failed to raise it at sentencing. Regardless, this court has held that theFoster decision does not violate the Separation of Powers Clause.State v. Harvey, 6th Dist. No. WD-07-006, 2008-Ohio-73, ¶ 7, citingState v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, ¶ 37-38. Appellant's first assignment of error is not well-taken.
 {¶ 8} In appellant's second assignment of error he argues that his six-year prison sentence is not supported by the record. This court has noted that "[a] trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565."State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6. An abuse of discretion is more than an error of law or of judgment, the term connotes that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Trial courts must carefully consider the statutes that apply to every felony case. See State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. However, there is no specific language that must be used to demonstrate the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett, 88 Ohio St.3d 208,215, 2000-Ohio-302. For this reason, a sentencing judge can satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors of R .C. *Page 4 
2929.12(B), (C), (D) and (E) have been considered. Id. Moreover, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.
 {¶ 10} In the present case, appellant was convicted of one count of involuntary manslaughter, R.C. 2903.04(A), a first degree felony with a possible prison sentence ranging from three to ten years. At the February 1, 2007 sentencing hearing, the trial court stated that it considered the presentence investigation report and the Court Diagnostic and Treatment Center report. The court then noted appellant's prior criminal history which included ten felony convictions and 72 misdemeanor convictions. Regarding the facts of the instant case, the trial court stated that appellant attempted to enter a secured apartment building. When he was denied access, appellant became angry, used profanity and threatened a witness. In the parking lot appellant confronted the victim, a bystander. Appellant then hit the 59 year-old victim in the face; the victim fell back, hit his head on the pavement and later died.
 {¶ 11} The court acknowledged that appellant had mental health issues. Relying on the Court Diagnostic and Treatment Center report the court concluded that appellant was not psychotic but needed to take his medication. The court further found that based on appellant's criminal history he was not a candidate for community control. *Page 5 
 {¶ 12} Upon review, we cannot say that the trial court abused its discretion when it sentenced appellant to six years of imprisonment. Appellant's second assignment of error is not well-taken.
 {¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR. *Page 1