DECISION AND JUDGMENT
{¶ 1} Defendant-appellant, Tremon Benton, appeals the September 5, 2007 judgment of the Lucas County Court of Common Pleas which sentenced appellant to ten years of imprisonment for felonious assault (R.C. 2903.11(A)(1)) and rape (R.C. 2907.02(A)(2) and (B)). For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} A brief recitation of the facts is as follows. On March 13, 2006, following a jury trial convicting him of rape and felonious assault, appellant was sentenced to *Page 2 
consecutive sentences totaling ten years. On direct appeal, this court affirmed appellant's convictions but reversed his sentence based on the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Benton, 6th Dist. No. L-06-1113,2007-Ohio-3945. On remand, appellant was again sentenced to ten years of imprisonment. Appellant timely appealed and raises the following assignment of error for our review:
 {¶ 3} "Assignment of Error I: The trial court violated Benton's constitutional rights by imposing a sentence for the rape that was not the shortest authorized, and by imposing consecutive sentences."
 {¶ 4} In State v. Foster, the Ohio Supreme Court "declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial." Relevant to this case, Foster held that R.C. 2929.14(B) (more than the statutory minimum sentence) and (E)(4) (consecutive sentences) and R.C. 2929.19(B)(2) (requirement that the trial court make certain findings) were unconstitutional. Pursuant to Foster "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 5} Although appellant acknowledges the Foster holding, he claims that the Ohio Supreme Court's abrogation of the presumption of a minimum, concurrent sentence violates the Ex Post Facto Clause of the United States Constitution, denies him due *Page 3 
process of law, and also violates the Separation of Powers Clause. We first note that because appellant failed to raise these arguments at his resentencing, he has forfeited the issue on appeal. See State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642.
 {¶ 6} Regardless, this court has considered ex post facto, due process, and separation of powers challenges to resentencings required under Foster where the sentences imposed on resentencing were not the minimum sentence for the offense and where the sentences imposed ran consecutively. Thus, the court reaffirms its prior rulings thatFoster does not violate the Due Process Clause, the Ex Post Facto Clause, or the Separation of Powers Clause. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Barber, 6th Dist. No. WD-06-036, 2007-Ohio-2821; State v. Warren, 6th Dist. No. L-07-1057,2008-Ohio-970, citing State v. Harvey, 6th Dist. No. WD-07-006,2008-Ohio-73. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 7} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., Concur. *Page 1