DECISION AND JUDGMENT
{¶ 1} Appellant, James R. Leasure, appeals the March 27, 2007 judgment of the Lucas County Court of Common Pleas sentencing him to consecutive sentences for his convictions of one count of felonious assault, a violation of R.C. 2923.02 and 2925.11(A) and (C)(4)(e), and one count of attempted possession of crack cocaine, a violation of R.C. 2923.02 2925.11(A) and (C)(4)(e). The trial court sentenced appellant to serve a three year prison term for the felonious assault count and five years for the possession of crack *Page 2 
cocaine count. The issue on this appeal relates to whether the trial court erred in ordering that the sentences be served consecutively.
 {¶ 2} Sentencing for these convictions in this case has been considered by this court before, but in a different context. Appellant was sentenced originally in a trial court judgment filed on July 7, 2005. The original sentence was for three years on the felonious assault count and five years on the attempted possession of crack cocaine count with the sentences to be served consecutively. Appellant appealed the judgment.
 {¶ 3} In a Decision and Judgment Entry issued by this court on January 12, 2007, we vacated the July 7, 2005 judgment to the extent that it ordered the sentences on the two counts were to be served consecutively and remanded the case for resentencing. State v. Leasure, 6th Dist. No. L-05-1260, 2007-Ohio-100, ¶ 20. The basis of the decision was the fact that the original sentencing was conducted under the prior sentencing laws that were held unconstitutional and severed under State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Id. at ¶ 19. We instructed that the sentencing, upon remand, be conducted in accordance withFoster and the non-severed portions of Ohio's sentencing laws. Id. at ¶ 20.
 {¶ 4} On remand, the trial court imposed the same sentence on each count and ordered, again, that the sentences be served consecutively. Appellant appeals that judgment to this court. He assigns two errors on appeal:
 {¶ 5} "Assignment of Error No. One. The consecutive sentences imposed by the trial court are contrary to law and incongruous with the purposes of felony sentencing in Ohio. *Page 3 
 {¶ 6} "Assignment of Error No. Two. Due Process forbids retroactively applying the Foster remedy, which endows the sentencing court with plenary discretion, to Mr. Leasure."
 {¶ 7} Under the first assignment of error, appellant argues that the discretion afforded trial courts in imposing consecutive sentences underFoster acts to enhance a sentence based upon facts that were neither established beyond a reasonable doubt nor admitted by a defendant in the trial court. Appellant claims that as a consequence of this failure, sentencing him to consecutive sentences for his two convictions underFoster included judicial factfinding and violates his Sixth Amendment rights under the United States Constitution. Essentially, appellant argues that the Foster remedy is flawed and itself violates theSixth Amendment.
 {¶ 8} As a state intermediate appellate court, we are without authority to reverse the Ohio Supreme Court's decision inFoster or to declare that the Foster remedy is unconstitutional.State v. O'Neill, 175 Ohio App.3d 402, 2008-Ohio-818, ¶ 36. Furthermore, this court has previously held that the Foster remedy does not violate the Sixth Amendment. State v. Boles, 6th Dist. No. L-07-1064, 2007-Ohio-6880,¶ 8; State v. Robinson, 6th Dist. No. L-06-1205,2007-Ohio-3577, ¶ 14. Accordingly, we find that appellant's Assignment of Error No. I is not well-taken.
 {¶ 9} Under his second assignment of error, appellant argues that retrospective application of the Foster remedy to him is prohibited under the United States Constitution's prohibition against ex post facto laws and violates his rights to due process *Page 4 
of law. We are equally without authority to reverse Foster or declare the Foster remedy unconstitutional on these additional grounds. Furthermore, we have previously considered and rejected appellant's arguments challenging the Foster remedy on ex post facto and due process grounds. E.g. State v. Benton, 6th Dist. No. L-07-1305, 2008-Ohio-3850, ¶ 6;State v. Wood, 6th Dist. No. L-07-1123, 2008-Ohio-79, ¶ 15;State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 15-20. We find appellant's Assignment of Error No. II is not well-taken.
 {¶ 10} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1