DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Andre J. Coleman, appeals the Sandusky County Court of Common Pleas judgment. For the following reasons, we affirm appellant's judgment of conviction.
 {¶ 2} This is appellant's second appeal as of right. We stated the facts underlying appellant's convictions in State v. Coleman, 6th Dist. No. S-02-041, 2005-Ohio-318:
 {¶ 3} "On July 11, 2002, appellant was indicted on one count of murder with a firearm specification; two counts of attempted murder with firearm specifications; two counts of felonious assault with firearm specifications; one count of failure to comply with the order or signal of a police officer; one count of tampering with evidence; one count of having a weapon while under disability; and one count of possession of drugs. The charges arose from a brawl involving a crowd of people that broke out shortly after 2:00 a.m. on July 6, 2002, in the parking lot outside a bar in Fremont, Ohio. As a result of the fight, one man died from a gunshot in the chest and another man was shot in the leg. After the shootings, appellant and his companions fled the scene in their car. Appellant threw his gun out the car window and failed to immediately pull over when the police pursued him. When appellant was searched incident to arrest, police recovered marijuana and cocaine from his pockets. The case was tried to a jury and on October 18, 2002, appellant was found guilty of all counts except attempted murder and one of the felonious assault charges." Id., ¶ 10.
 {¶ 4} Appellant was subsequently sentenced as follows: "for murder, 15 years to life, plus a 3-year gun specification; for felonious assault, eight years, plus a 3-year gun specification; for failure to comply with the order or signal of a police officer, eighteen months; for tampering with evidence, five years; for having a weapon under disability, 12 months; and for possession of drugs, 12 months." Id., ¶ 33. The murder and felonious assault sentences were imposed consecutively to each other. The four remaining sentences were imposed concurrently to the term for felonious assault, for a total term of 29 years incarceration.
 {¶ 5} On appeal, we affirmed his convictions, but determined that resentencing was necessary because the trial court failed to comply withState v. Comer (2003), 99 Ohio St.3d 463, 2003-Ohio-4165. The trial court were required by Comer to state specific findings on the record at sentencing hearings, pursuant to R.C. 2929.19(B)(2)(d), in order to impose the maximum sentence within a specified range pursuant to R.C.2929.14(C) and in order to impose terms consecutively to each other pursuant to R.C. 2929.14(E). The trial court failed to make findings at appellant's first sentencing hearing required to impose maximum and consecutive sentences; therefore, pursuant to Comer, we reversed each of the sentences imposed and remanded for resentencing.
 {¶ 6} Prior to appellant's resentencing, the Ohio Supreme Court decided State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, certiorari denied by State v. Foster, 127 S.Ct. 442, which declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial. Specifically,Foster held the following statutory sections unconstitutional: R.C.2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). Foster also specifically abrogated Comer, and applied Apprendi v. New Jersey (2000), 530 U.S. 466; Blakely v.Washington (2004), 542 U.S. 296; and United States v. Booker (2005),543 U.S. 220. Foster must be applied to all cases pending on "direct review or not yet final," 2006-Ohio-856, ¶ 106, and in the post-Foster era, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 7} The trial court held another sentencing hearing, adhering toFoster's mandates. Appellant was sentenced as follows: for murder, 15 years to life incarceration, plus a three year gun specification; for felonious assault, eight years incarceration plus a three year gun specification; for failure to comply, 12 months incarceration; for tampering with evidence, three years incarceration; for having a weapon under a disability, 12 months incarceration; for possession of drugs, 12 months incarceration. The terms imposed for murder and felonious assault were ordered consecutive to each other, with the remaining sentences ordered to run concurrent to the terms for murder and felonious assault and concurrent to each other. Noting it was bound by Foster, the trial court did not make any findings in support of the maximum or consecutive nature of the sentences, as Comer and our decision to reverse and remand required. It did, however, consider the principles and purposes of sentencing as required by R.C. 2929.12. Appellant was sentenced to a sum of 29 years incarceration, the same total term of incarceration which he originally received.
 {¶ 8} Appellant filed a timely appeal and raises three assignments of error:
 {¶ 9} "I. The trial court erred by giving the defendant maximum concurrent sentences in a post-Foster sentencing in violation of the jury trial guarantee of the due process clause of theFourteenth Amendment.
 {¶ 10} "II. Post-Foster sentencing violates the Ex Post Factor Clause of the Federal Constitution and also exceeds the Fourteenth Amendment on retroactive judicial decisions.
 {¶ 11} "III. Application of the rule of lenity in favor of the defendant requires that he be sentenced to minimum and concurrent sentences."
 {¶ 12} Because the first and second assignments of error raise issues with the retroactive application of Foster, we address them jointly. In his first assignment of error, appellant argues that Foster violates the Federal Constitution because the law as it existed prior toFoster required that he be given minimum, concurrent sentences. Prior toFoster, appellant argues, "R.C. 2929.14(B) provided that a court shall impose the shortest prison term authorized for the offense in the absence of additional, judicial fact-finding. R.C. 2929.14(E)(4) provided that concurrent prison terms were mandatory in the absence of additional, judicial fact-finding, fact finding that is now prohibited." Essentially, appellant argues that the Supreme Court fashioned an incorrect remedy in Foster; instead, appellant points to the Indiana Supreme Court's decision in State v. Smylie (Ind.S.Ct. 2005),823 N.E.2d 679, which, instead of severing the unconstitutional fact finding portions of its sentencing statutes, ordered that the facts to be found to enhance a penalty must be found by a jury.
 {¶ 13} As with other defendants whose appeals were pending whenFoster was announced, appellant "essentially seeks the benefit ofFoster's substantive holding, but he wishes to avoid the remedial holding." State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162. "[H]e wants `a sentence that comports with the Sixth Amendment requirements ofBooker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings of Booker [and Foster].' UnitedStates v. Jamison (7th Cir.2005), 416 F.3d 538, 539." State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542, ¶ 28.
 {¶ 14} In his second assignment of error, appellant claims that the trial court violated due process and the Ex Post Facto Clause of the United States Constitution when it resentenced him pursuant to State v.Foster. We note that appellant failed to raise this issue at his resentencing, although the trial court expressly stated that it was following the dictates of Foster during the resentencing hearing. Ordinarily, failure to raise a constitutional issue at the trial court waives the error on appeal; ex post facto and due process challenges fall within the waiver doctrine. This argument was available to appellant at the time of trial. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, ¶ 14, citing State v. Awan (1986),22 Ohio St.3d 120, syllabus.
 {¶ 15} Nevertheless, appellant's arguments fail. "To fall within the ex post facto prohibition, a law must be retrospective — that is, `it must apply to events occurring before its enactment' — and it `must disadvantage the offender affected by it.'" Lynce v. Mathis (1997),519 U.S. 433, 441, quoting Weaver v. Graham (1981), 450 U.S. 24, 29. The Ex Post Facto Clause extends to four types of laws:
 {¶ 16} "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." Rogers v. Tennessee (2001), 532 U.S. 451, 456, quotingCalder v. Bull (1798), 3 Dall. 386, 390.
 {¶ 17} Although the Ex Post Facto Clause "is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government," Rogers, 532 U.S. at 456, quotingMarks v. United States (1977), 430 U.S. 188, 191, "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." Id., explaining Bouie v. City of Columbia (1964),378 U.S. 347. While noting some overlap between the Ex Post Facto Clause and the restrictions due process places upon retroactive applications of judicial decisions, Rogers held that the two are not coextensive. "The Ex Post Facto Clause, by its own terms, does not apply to courts" as it "would circumvent the clear constitutional text" and "evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." Id. at 460. Thus, appellant's argument that the Ex Post Facto Clause applies to resentencing hearings conducted pursuant toFoster is not well-taken, and we proceed to examine only his due process claim.
 {¶ 18} The test of whether a judicial interpretation or severance of a statute violates due process is whether the judicial decision is "unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue." Rogers, 532 U.S. at 455, quoting Bouie, 378 U.S. at 354. Appellant's offenses arose from conduct which occurred on July 6, 2002. Appellant's due process claim thus requires us to examine the expressions of Ohio's sentencing statutes and constitutional law prior to that date to determine whether theFoster decision was "unexpected and indefensible."
 {¶ 19} Every Ohio appellate court to confront the issue to date has held that no due process rights are implicated by Foster. See State v.Smith, 2nd Dist. No. 21004, 2006-Ohio-4405; State v. Durbin, 2nd Dist. No. 2005-CA-134, 2006-Ohio-5125; State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162; State v. Grimes, 4th Dist. No. 04CA17,2006-Ohio-6360; State v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-5542; State v. Hildreth, 9th Dist. No. 06CA008879,2006-Ohio-5058; State v. Gibson, 10th Dist. No. 06AP-509,2006-Ohio-6899; State v. Doyle, 12th Dist. No. CA2005-11-020,2006-Ohio-5373. Criminal defendants, pre-Foster, were never guaranteed a minimum prison term. "[T]he Court in Foster did not simply sever the judicial fact-finding portion of R.C. 2929.14(B); rather the Court found that the presumption for the shortest prison term only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence upon every offender who had not previously served a prison term." Paynter, supra, at ¶ 38. Once Foster found that the Sixth Amendment forbids courts from overcoming the presumption by engaging in factfinding, Foster erased the presumption for the shortest prison term as if it never existed. Of course, another "natural corollary" is that once courts were forbidden from engaging in factfinding, the presumption articulated by the legislature does not cease to exist; rather, it can no longer be overcome except by the overriding sentencing considerations of R.C. 2929.11 and 2929.12 which grant trial courts discretion in fashioning appropriate sentences. However, Foster did not so hold. Instead, while courts must consider the purposes of R.C. 2929.11 and 2929.12, definite or express articulations of those considerations are not necessary conditions precedent to the imposition of a greater-than-minimum sentence.
 {¶ 20} Moreover, appellant's resentencing did not result in the imposition of a more burdensome punishment than the one to which he had been exposed at the time of the commission of the offenses. In his first appeal of right, we reversed appellant's sentence with respect to the imposition of maximum terms for each of his convictions and with respect to the imposition of consecutive terms for murder and felonious assault, since improper findings were made pursuant to Comer, supra, the prevailing law at the time. At the time of appellant's first sentencing hearing, he was aware of the maximum penalty which could have been imposed. In fact, appellant received lower than the maximum sentences originally imposed on his convictions for failure to comply and for tampering with evidence. Because appellant was only guaranteed the presumption of a minimum term in the absence of judicial factfinding, once such factfinding was held unconstitutional, the presumption ceased to exist. We cannot conclude, therefore, that the remedy, which implements longstanding Sixth Amendment principles, is "indefensible."Rogers, 532 U.S. at 455.
 {¶ 21} As an intermediate appellate court, we are bound to followFoster. The remedy which Foster fashioned became unquestionable law in Ohio when the United States Supreme Court denied certiorari on October 16, 2006. Foster v. Ohio (2006), 127 S.Ct. 442. We recognize that the Court does not explicitly endorse a decision when declining to review a matter, because a denial "imports no expression of opinion upon the merits of the case." Agoston v. Com. of Pa. (1950), 340 U.S. 844, 844, quoting United States v. Carver (1923), 260 U.S. 482, 490. "A denial simply means that as a matter of `sound judicial discretion' fewer than four members of the Court deemed it desirable to review a decision of a lower court." Id. However, lower courts are bound to apply controlling precedent and must not, even despite doubts, force superior court review of an issue by upsetting controlling precedent. Eberhart v. U.S. (2005),546 U.S. 12, 126 S.Ct. 403, 407. Appellant's first and second assignments of error are not well-taken.
 {¶ 22} Next, appellant argues that the "rule of lenity" requires courts to construe the sentencing statutes as they exist post-Foster in favor of criminal defendants, to resolve doubts regarding punitive statutes against the imposition of harsher punishments. Originally a staple of common law, Ohio's rule of lenity is codified in R.C. 2901.04(A), which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Appellant urges that the "construction" given to Ohio's sentencing statutes byFoster, supra, "does not pass the test of lenity in interpretation" because it removed burdens upon the exercise of a trial court's discretion to impose maximum or consecutive sentences.
 {¶ 23} The rule of lenity "applies only where there is ambiguity in or conflict between the statutes" at issue. State v. Arnold (1991),61 Ohio St.3d 175, 178. The rule has no application here, since there is no ambiguity or conflict between statutes, and Foster severed the portions of the sentencing statutes which violated the Sixth Amendment. SeeState v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, ¶ 12. Appellant's third assignment of error is not well-taken.
 {¶ 24} We must sua sponte find, however, error in the trial court's order for the one year term for failure to comply to run concurrent to the other terms. Appellant was convicted of R.C. 2921.331(B) and (C)(4), a felony of the fourth degree. R.C. 2921.331(D) grants discretion in whether a court may impose a prison term for the offense; if a prison term is imposed, however, it must be ordered consecutive to any other sentence imposed. "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." R.C. 2921.331(D). A jury found appellant guilty of the count as specified in the indictment, specifically, that appellant, in committing the offense, was fleeing immediately after the commission of a felony, to wit, murder.
 {¶ 25} The portion of appellant's sentence ordering the one year term for failure to comply to run concurrent to all other sentences is, therefore, contrary to statute. An appellate court may "increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if clear and convincing evidence shows that the sentence is "contrary to law." R.C. 2953.08(G)(2)(b). See, also, R.C. 2953.07. Accordingly, we modify appellant's judgment of conviction and order the one year term imposed for failure to comply to run consecutively to all other terms imposed. Appellant's total term of incarceration is therefore 30 years. The Ex Post Facto Clause is inapplicable because the penalty for the offense is identical to the penalty existing when appellant committed the offense.
 {¶ 26} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed in part and modified in part. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED IN PART AND MODIFIED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.