DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kevin Barber, appeals from a judgment of sentence entered by the Wood County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 25, 2005, appellant entered a plea of guilty to one count of aggravated robbery, a violation of R.C. 2911.01(A)(3), a felony of the first degree, and *Page 2 
three counts of breaking and entering, each a violation of R.C.2911.13(A), and each a felony of the fifth degree.
 {¶ 3} On April 22, 2005, the trial court sentenced appellant to six years imprisonment for the aggravated robbery count and ten months imprisonment for each of the breaking and entering counts. The sentences for the breaking and entering counts were ordered to be served concurrently with the aggravated robbery sentence. This sentence was journalized in an April 25, 2005 judgment entry.
 {¶ 4} On January 24, 2006, appellant filed a pro se "Motion to Vacate, and Correctly Reduce Sentence" in the trial court. On February 14, 2006, the trial court denied this motion.
 {¶ 5} On May 8, 2006, appellant filed a pro se notice of appeal of the April 25, 2005 sentencing judgment entry and a motion for leave to file a delayed appeal. On June 2, 2006, this court granted appellant's motion to file a delayed appeal.
 {¶ 6} Appellant raises the following assignments of error:
 {¶ 7} "I. Imposition of a non-minimum sentence violates the jury trial guarantee of the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.
 {¶ 8} "II. Post-Foster sentencing violates the Ex Post Facto Clause of the federal Constitution.
 {¶ 9} "III. The application of the rule of lenity requires the imposition of a minimum sentence." *Page 3 
 {¶ 10} It is clear from appellant's arguments in his brief that all of his assignments of error claim that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, itself violates the constitution and the rule of lenity.
 {¶ 11} As an initial matter, appellee contends that appellant has no standing to raise any of the Foster-related issues in his assignments of error because his May 8, 2006 direct appeal of his April 25, 2005 sentence was not pending when Foster was decided. Therefore, appellee argues that appellant is not entitled to any Foster-related resentencing, and his related constitutional claims are not ripe for review. We agree. Foster only applies to all cases pending on appeal at the time of its release on February 27, 2006. See State v. Miller, 6th Dist. No. L-06-1235, 2007-Ohio-750, ¶ 7. Thus, on a standing basis alone, appellant's assignments of error are not well-taken.
 {¶ 12} However, even assuming arguendo, that appellant had standing to raise the issues, recently, in State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448, we addressed three nearly identical assignments of error. Although there were no standing or ripeness issues because the case involved the non-minimum nature of a Foster-compliant resentencing, theColeman appellant made the same substantive legal arguments that appellant makes in the present case. We found all three assignments of error not well-taken.
 {¶ 13} In Coleman, we noted that, "`[t]he Ex Post Facto Clause, by its own terms, does not apply to courts.'" Id., ¶ 17, quoting Rogers v.Tennessee (2001), 532 U.S. 451. *Page 4 
Therefore, we held that the Ex Post Facto Clause does not apply to resentencing hearings conducted pursuant to Foster. Id.; see, also,State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030,¶ 14. We found the appellant's due process argument had no merit because the severance remedy provided by Foster was not "unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue." Coleman, ¶ 18, 20, quoting Rogers at 455;Friess, ¶ 17. Finally, we held that the rule of lenity had no application since there is no ambiguity or conflict between statutes, and Foster severed the portions of the sentencing statutes which violated the Sixth Amendment. Coleman, ¶ 23. Thus, in the present case, appellant's arguments fail on substantive grounds as well, and appellant's assignments of error are found not well-taken.
 {¶ 14} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1