DECISION AND JUDGMENT ENTRY
{¶ 1} On June 29, 2004, the Erie County Court of Common Pleas, following a reversal by this court and a conviction following a second jury trial, sentenced appellant, *Page 2 
Krista Harris, to three-year prison terms for four counts of theft of an elderly person, in violation of R.C. 2913.02(A)(2), third degree felonies; one-year prison terms for three counts of theft of a elderly person, in violation of R.C. 2913.02(A)(2), fourth degree felonies; and a five-year prison term for one count of theft of an elderly person, in violation of R.C. 2912.02(A)(2), a second degree felony. The sentences were ordered to be served concurrently. Krista Harris appealed. On March 24, 2006, this court affirmed in part and reversed in part, the trial court's judgment on the basis of the Ohio Supreme Court's decisionin State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856.
 {¶ 2} On May 12, 2006, appellant was again sentenced to serve five years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The trial court erred when it sentenced Ms. Harris to serve non-minimum prison terms for her convictions of second, third and fourth-degree felonies, as those prison terms contravened theSixth Amendment to the United States Constitution. Blakely v. Washington
(2004), 542 U.S. 296, 124 Sect 2531, 159 L.Ed 2d 403; United States v.Booker (2005), 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed2d 621."
 {¶ 4} Appellant contends that the court violated the Due Process and Ex Post Facto Clauses of the State and Federal Constitutions. Specifically, appellant argues that the sentencing statutes in effect at the time she committed her offenses created a presumption in favor of minimum, concurrent sentences for offenders who had not previously served a prison term, and that the Foster decision retroactively increased the presumptive sentences. *Page 3 
 {¶ 5} This court has already addressed this issue in State v.Coleman, 6th Dist. No. S-060023, 2007-Ohio-448. On the authority ofState v. Coleman, Id., appellant's sole assignment of error is found not well-taken.
 {¶ 6} The sentencing judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal, pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Erie County.
JUDGEMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1