DECISION AND JUDGMENT ENTRY
{¶ 1} On June 2, 2005, appellant, Raymond T. Lininger, was found guilty in the Lucas County Court of Common Pleas of two counts of aggravated robbery with firearm specifications, two counts of kidnapping with firearm specifications, and one count of negligent assault. The charges stemmed from two separate incidents. For the first incident, he was sentenced to serve four years for one count of aggravated robbery, six years for one count of kidnapping, and three additional mandatory consecutive years for the firearm specification, for a total of 13 years. For the second incident, the judge again *Page 2 
ordered appellant to serve four years for one count of aggravated robbery, six years for one count of kidnapping, and three additional mandatory consecutive years for the firearm specification, for a total of 13 years. The court further sentenced appellant to 60 days on the negligent assault conviction, and ordered that term to be served concurrently with the other terms. The sentences for the May 22 offenses were ordered to be served consecutive to the sentences for the May 30 offenses for a total sentence of 26 years incarceration. Appellant appealed. On August 11, 2006, this court affirmed in part and reversed in part, the trial court's judgment on the basis of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856.
 {¶ 2} Appellant appeared for resentencing in the trial court on September 7, 2006. He received the exact same sentence as before. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The sentencing court improperly made findings of fact in imposing sentences pursuant to R.C. 2929.14 that were not the shortest authorized, and by imposing consecutive sentences."
 {¶ 4} Appellant contends that the trial judge was in violation ofFoster, supra, when she addressed appellant stating the following:
 {¶ 5} "[T]hese women feared, truly feared for their lives to the point that I think the first victim escaped when the car was in motion. I mean it's just a horrendous fear that must have been felt by both these victims. The second victim was the mother of young children and she was afraid she'd never see them again. It's just horrible *Page 3 
testimony. Weapon was involved. And it was just awful, awful for these poor ladies to go through this kind of treatment. And, you know, I think it's all-I believe it's all because of the drug-a lot of it is because of that."
 {¶ 6} Appellant's argument is without merit. Nowhere in the sentencing transcript or in the judgment entry can we find specific reference to any of the R.C. 2929.14 factors which are no longer applicable pursuant to Foster, Id. Further, we note that Foster did not take away a sentencing judge's ability to discuss the nature of the crime when sentencing a defendant.
 {¶ 7} Next, appellant contends that application of the Foster case violates the Ex Post Facto Clauses of the State and Federal Constitutions. This court has already addressed this issue in State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448. On the authority ofState v. Coleman, Id., we find appellant's argument to be without merit. Appellant's assignment of error is found not well-taken.
 {¶ 8} The sentencing judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal, pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1