DECISION AND JUDGMENT ENTRY
{¶ 1} On April 16, 2004, appellant, Thomas Fulton, was indicted on one count of having a weapon while under disability in violation of R.C.2923.13(B), one count of aggravated burglary in violation of R.C.2911.11(A)(2), three counts of felonious assault in violation of R.C.2903.11(A)(2), and three counts of kidnapping in violation of R.C. *Page 2 2905.01(A)(2). Each count, except the first carried a firearm specification, and all eight counts carried repeat-violent-offender specifications. The charges arose from the state's allegations that on March 12, 2004, appellant broke into the home of Paul and Thelma Carol Ebinger while the Ebingers and their adult daughter Doreen were present, assaulting the family and preventing them from leaving.
 {¶ 2} Appellant entered pleas of not guilty to each count in the indictment and the matter proceeded to a jury trial. During trial, the state moved to amend the three kidnapping charges in the indictment to attempted kidnapping. The motion was granted. On April 5, 2005, the jury found appellant guilty of all counts. Appellant's aggregate sentence was 35 years. He timely appealed his conviction. In State v. Fulton, 6th Dist. No. E-05-027, 2006-Ohio-6807, this court affirmed appellant's convictions but reversed as to his sentence and remanded for a new sentencing hearing in conformity with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 3} Appellant appeared for resentencing in the trial court on January 30, 2007. He received the exact same sentence as before. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred by imposing a six year term of imprisonment for a repeat violent offender specification on the basis of findings made by the trial court pursuant to an unconstitutional statutory felony sentencing scheme. Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution. Blakely v. Washington, (2004), 542 U.S. 296,124 S. Ct. 2531, State v. *Page 3 Foster, 109 Ohio St. 3d 1, 2006-Ohio-856. (Vol. VI, Tr. 1053-54; Judgment entry State v. Fulton, Fulton County C.P. Case No. 2004-CR-181.
 {¶ 5} "II. The resentencing court erred by imposing non-minimum, maximum and consecutive sentences in violation of the Due Process and Ex Post Facto clauses of the United States Constitution. Fifth, sixth, andfourteenth amendments to the United States Constitution; Blakely v.Washington (2004), 542 U.S. 296: United States v. Booker (2005),543 U.S. 220. (January 31, 2007 journal entry, January 30, 2007 resentencing hearing, pp. 22-25)
 {¶ 6} "III. The trial court did not have the authority to impose consecutive sentences. (January 31, 2007 Journal Entry, January 30, 2007 resentencing hearing, pp. 22-25)"
 {¶ 7} In his first assignment of error, appellant contends that the trial court erred in imposing a six year term of imprisonment for a repeat-violent-offender specification in violation of State v. Foster,supra. Appellant contends that the six year term is based on an unconstitutional felony sentencing scheme.
 {¶ 8} In State v. Foster, syllabus 6, the Ohio Supreme Court held:
 {¶ 9} "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat-violent-offender and major drug offender specifications. (United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)"
 {¶ 10} The court further stated: *Page 4 
 {¶ 11} "Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits." Id. at 30.
 {¶ 12} Thus, only the offending portion of R.C. 2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the repeat-violent-offender violation is constitutional. A judge may, therefore, impose an additional one-to-ten year sentence on a repeat-violent-offender specification without judicial factfinding. In this case, the jury specifically found appellant to be a repeat violent offender. Accordingly, this case is Blakely-Booker-Foster compliant and appellant's first assignment of error is found not well-taken.
 {¶ 13} In appellant's second assignment of error, he contends that the application of State v. Foster, supra, violates the due process and ex post facto clauses of the United States constitution. This court has already addressed this issue in State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448. On the authority of State v. Coleman, Id., we find appellant's argument to be without merit. Appellant's second assignment of error is found not well-taken.
 {¶ 14} In his third assignment of error, appellant contends that following Foster, the court did not have the authority to impose consecutive sentences. We disagree.
 {¶ 15} Foster does not excise R .C. 2929.14(E)(4) in its entirety. It only severed the part of R.C. 2929.14(E)(4) which required judicial factfinding before the court could *Page 5 
impose consecutive sentences. Thus, "[a]fter the severance, judicial factfinding is not required before imposition of consecutive prison terms." Foster, at ¶ 99. Furthermore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 16} Appellant's sentences were within the statutory range. Accordingly, appellant's consecutive prison terms rather than the minimum, is not contrary to law. Appellant's third assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered, pursuant to App.R. 24, to pay the costs of this appeal. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED. A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1