DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Rickie Carlus Wade, appeals from his convictions in the Lucas County Court of Common Pleas for possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree, trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a felony of the first degree, possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(b), a felony of the fourth degree, aggravated *Page 2 
possession of drugs, to wit: Dilaudid pills, in violation of R.C.2925.11(A) and (C)(1)(a), a felony of the fifth degree, possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(c), a felony of the fifth degree, and trafficking in marijuana, in violation of R.C.2925.03(A)(2) and (C)(3)(a), a felony of the fifth degree. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant was sentenced to prison for a total of ten years and ten months. On appeal, this court affirmed appellant's convictions but remanded his case for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See State v. Wade, 6th Dist. No. L-04-1217,2006-Ohio-5104. On June 4, 2007, appellant appeared before the trial court for resentencing where he received the exact same sentence. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. Imposition of a non-minimum sentence violates the jury trial guarantee of the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.
 {¶ 4} "II. Post-Foster sentencing violates the Ex Post Facto Clause of the Federal Constitution.
 {¶ 5} "III. The application of the Rule of Lenity requires the imposition of a minimum, concurrent sentence."
 {¶ 6} In all three assignments of error, appellant claims that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, supra, itself violates the federal constitution. As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule *Page 3 
it or declare it unconstitutional. State v. Thrasher, 6th Dist. No. WD-06-047, 2007-Ohio-2838. In any event, this court has repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Barber, 6th Dist. No. WD-06-036, 2007-Ohio-2821; State v. Johnson, 6th Dist. No. L-06-1364, 2007-Ohio-3470h Dis; State v. Robinson, 6th Dist. No. L-06-1205,2007-Ohio-3577; State v. Valenti, 6th Dist. No. WD-07-004,2007-Ohio-4911. Accordingly, appellant's three assignments of error are found not well-taken.
 {¶ 7} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. concur. *Page 1