DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence of appellant, Jeffrey Wood, entered by the Lucas County Court of Common Pleas on pleas of no contest to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and two counts of rape involving a juvenile in violation of R.C.2907.02(A)(1)(b) and (B), a felony in the first degree. The charges involved the molestation of appellant's stepdaughter when she was a young teen. *Page 2 
 {¶ 2} Wood pled no contest to the four counts on October 31, 2007. In exchange for appellant's plea, the state agreed to enter a nolle prosequi on three additional counts and to offer no sentencing recommendations. It was also stipulated that Wood would be classified as a sexually oriented offender.
 {¶ 3} During the plea hearing, the trial court advised appellant of his rights under Crim.R. 11. The trial court also informed appellant that he could receive a sentence of up to 30 years imprisonment and a fine of up to $60,000. After finding that appellant had waived his rights, the trial court accepted appellant's plea and found him guilty.
 {¶ 4} The trial court held the original sentencing hearing on November 30, 2005. In an order journalized on December 28, 2005, the trial court sentenced appellant to four years in prison for each count of gross sexual imposition and to nine years in prison for each count of rape. The trial court ordered that the sentences be served consecutively — thereby imposing a term of imprisonment totaling 26 years. Fines totaling $56,000 were also imposed. Appellant appealed.
 {¶ 5} While the case was on appeal, the Ohio Supreme Court issued its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Subsequently, pursuant to State v. Foster, this court issued its decision and judgment entry of September 22, 2006, in the original appeal in this case. We reversed the trial court judgment and remanded the case to the trial court for resentencing.
 {¶ 6} Resentencing proceeded in the trial court on February 28, 2007. The trial court found that appellant was not amenable to community control and that imposition of *Page 3 
a prison sentence was consistent with the purposes of R.C. 2929.11. The trial court, over objection, resentenced appellant to the same sentence as originally imposed on November 30, 2005. Appellant objected to resentencing under State v. Foster and argued that any sentence imposed should be the minimum sentence and that sentences should run concurrently.
 {¶ 7} The trial court's judgment was journalized on March 2, 2007, and appellant has pursued this appeal. Appellant asserts one assignment of error on appeal:
 {¶ 8} "Assignment of Error I: The trial court violated Wood's constitutional rights by imposing sentences pursuant to R.C. 2929.14
that were not the shortest authorized, and by imposing consecutive sentences."
 {¶ 9} In State v. Foster, the Ohio Supreme Court "declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial. Specifically,Foster held the following statutory sections unconstitutional: R.C.2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). Foster also specifically abrogated Comer [State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165], and applied Apprendi v. NewJersey (2000), 530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296; and United States v. Booker (2005), 543 U.S. 220." State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 6.
 {¶ 10} Pursuant to Foster "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give *Page 4 
their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster, paragraph seven of the syllabus.
 {¶ 11} Wood argues in this appeal that at the time of his offense Ohio's felony sentencing laws provided a possible sentence on each count of rape of three to ten years in prison and for gross sexual imposition of one to four years, and that, unless the trial court made certain findings of fact, the minimum sentence for each offense was to be imposed on each count. He also argues that the sentencing laws in effect at the time of his offense also required that sentences run concurrently absent statutorily mandated findings of fact.
 {¶ 12} According to Wood, the "statutory findings in support of consecutive sentences that were not the shortest available were not properly made by the trial court." Wood contends that under the circumstance his term of imprisonment must be limited to a sentence of imprisonment for the minimum term on each count and that all sentences must run concurrently. Such an approach would limit his term of imprisonment to six years. The trial court has sentenced him twice, to the same prison term of 26 years.
 {¶ 13} Wood acknowledges that the Supreme Court of Ohio in State v.Foster abrogated the statutory presumptions that sentences are for minimum terms and that they run concurrently. He claims that the Ohio Supreme Court's abrogation of the presumptions violates the Ex Post Facto Clause of the United States Constitution and also denies him due process of law. *Page 5 
 {¶ 14} As this court recognized in State v. Coleman, "[a]s with other defendants whose appeals were pending when Foster was announced, appellant `essentially seeks the benefit of Foster's substantive holding, but he wishes to avoid the remedial holding.' State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162." Coleman, ¶ 13.
 {¶ 15} This court has considered ex post facto and due process challenges to resentencings required under Foster where the sentences imposed on resentencing were not the minimum sentence for the offense and where the sentences imposed ran consecutively. Wood asserts the same constitutional challenge to the Foster remedy in this appeal. After due consideration of appellant's arguments, the court reaffirms its prior rulings that the Foster remedy does not violate the Due Process Clause or Ex Post Facto Clause. See State v. Coleman, supra; State v.Barber, 6th Dist. No. WD-06-036, 2007-Ohio-2821; State v. Johnson, 6th Dist. No. L-06-1364, 2007-Ohio-3470; State v. Robinson, 6th Dist. No. L-06-1205, 2007 Ohio-3577; State v. Cortez, 6th Dist. No. L-07-1063,2007-Ohio-6360. Appellant's sole assignment of error is found not well-taken and denied.
 {¶ 16} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 6 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1