DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas resentencing appellant. Because we conclude that the trial court did not abuse its discretion, we affirm.
 {¶ 2} Appellant, Ronald Silvey, is appealing sentences imposed upon remand of his case after his appeal from the original conviction and sentencing. See State v. Silvey, *Page 2 
6th Dist. No. L-05-1254, 2007-Ohio-2535. Appellant was convicted on two counts of rape, in violation of 2907.01(A)(1)(b), first degree felonies, and two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), third degree felonies.
 {¶ 3} On remand, the trial court imposed prison terms of eight years for each of the rape convictions and four years for each of the unlawful sexual conduct convictions. The court ordered the sentences to be served consecutively, for a total of 24 years incarceration and, with appellant's consent, classified him as a sexually oriented offender.
 {¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 5} "The trial court violated Silvey's constitutional rights by imposing a sentence for rape that was not the shortest authorized, and by imposing consecutive sentences."
 {¶ 6} In State v. Foster, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Thus, an appellate court reviews felony sentences for an abuse of discretion. Id. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) *Page 3 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. See Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619.
 {¶ 7} Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 8} In this case, the sentences imposed for appellant's offenses are within the range provided by statute. See R.C. 2929.14(A)(1) and (3). None are at the maximum for each offense. Further, the record indicates that appellant was on parole for a homicide conviction at the time of the offenses, and that the victim was 12 and 13 years old and viewed appellant as a father figure. Before imposing sentence, the court *Page 4 
specified that it considered the record, oral statements, victim impact statement, presentence investigation report and the factors under R.C. 2929.11 and 2929.12.
 {¶ 9} Appellant argues that that Foster violates the Ex Post Facto Clause of the United States Constitution because it has been applied to convictions which predated its decision. Further, appellant argues that the Ohio Supreme Court's decision in Foster, supra, violates the separation of powers mandated by the United States Constitution by changing the legislative scheme and has "crafted a remedy that is more significant and severe [than] that contemplated by the statute." We have previously addressed these arguments and found them to be without merit. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448. As a district appellate court, we are bound by and must apply the law as set forth by the Supreme Court of Ohio. Therefore, since the trial court's sentence was within the range for the offense and the court was not required to provide any supporting factors for imposing the maximum or consecutive sentences, we cannot say that the trial court abused its discretion.
 {¶ 10} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 12} Appellant ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR. *Page 1