[Cite as *State v. Wells*, 2013-Ohio-5821.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-A-0014** |
| - vs - | : | |
| SCHON WELLS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 346.

Judgment: Affirmed.

*Thomas L. Sartini,* Ashtabula County Prosecutor, *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Rick L. Ferrara,* 2077 East 4th Street, 2nd Floor, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Schon Wells, appeals his resentencing following this court's remand in *State v. Wells*, 11th Dist. Ashtabula No. 2011-A-0073, 2012-Ohio-4459 ("*Wells I*"). This is appellant's second appeal arising from his conviction. At issue is whether the trial court erred by imposing a consecutive sentence for failure to comply with an order or signal of a police officer. For the reasons that follow, we affirm.

{¶2} Appellant was indicted for two counts of failure to comply with an order or signal of a police officer, felonies of the third degree (Counts One and Four); receiving stolen property involving a motorcycle, a felony of the fourth degree (Count Two); and burglary, a felony of the second degree (Count Three).

{¶3} This court set forth the evidence underlying appellant's conviction in *Wells I*. That recitation outlined appellant's flight from police officers on a stolen motorcycle on Ashtabula's city streets at speeds in excess of 70 m.p.h. while refusing to follow their orders and signals to pull over. Appellant eventually abandoned the motorcycle, and entered the home of a female victim in order to hide from the police. The victim saw appellant in one of the bedrooms. Terrified, she ran out the front door screaming for help. Appellant left the house using the back door and fled. After two police canines tracked him down, the officers were finally able to arrest him.

{¶4} At the conclusion of the state's case, appellant made a Rule 29 motion for acquittal. The trial court denied the motion with one exception: the court noted there was one continuous pursuit and thus merged the failure-to-comply charge in Count Four with that same charge in Count One.

{¶5} The jury found appellant guilty of the three remaining counts: failure to comply (Count One), receiving stolen property (Count Two), and burglary (Count Three).

{¶6} The court sentenced appellant to three years for failure to comply, 18 months for receiving stolen property, and five years for burglary, the terms to be served concurrently to each other, for a total of five years in prison.

**{¶7}** Appellant filed a direct appeal. In *Wells I*, this court remanded the burglary conviction for resentencing as a third-degree felony, rather than a second-degree felony. *Id.* at ¶51.

**{¶8}** During the resentencing hearing on remand, the court stated that it had erred in imposing its original sentence because it ordered the sentence for failure to comply be served *concurrently* to the court's sentences of receiving stolen property and burglary. The court noted that, pursuant to R.C. 2921.331(D), it was required to order that appellant's sentence for failure to comply be served *consecutively* to his sentences for the other offenses. The court then imposed a sentence of two years (as opposed to the original five years) for the burglary conviction and the original sentence of 18 months for receiving stolen property. The court ordered the sentences for these two offenses to be served concurrently to each other for a total of two years. Further, the court re-imposed the original sentence of three years for failure to comply, but, pursuant to R.C. 2921.331(D), ordered that sentence to be served consecutively to the sentence for burglary and receiving stolen property, for a total of five years in prison.

**{¶9}** Following the resentence, the court asked appellant's attorney if he had anything further and counsel said he did not. Thus, appellant did not object to the court's resentence.

**{¶10}** Appellant appeals his resentence, asserting the following for his sole assignment of error:

**{¶11}** "The trial court acted contrary to law when it sentenced appellant to a consecutive term of imprisonment for failure to comply upon resentencing."

**{¶12}** Appellant argues that the trial court erred in resentencing him to a consecutive sentence for failure to comply because, he contends, pursuant to *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, the trial court was only authorized to resentence him for the offense affected by *Wells I,* i.e., burglary. Appellant asks this court to reverse his resentence and impose a three-year concurrent prison term.

**{¶13}** Pursuant to R.C. 2953.08(G)(2), an appellate court may "increase, reduce, or otherwise modify a [felony] sentence that is appealed under this section" or "vacate the sentence and remand the matter to the sentencing court for resentencing" if the sentence is contrary to law. *Saxon*, *supra*, at ¶4. Since appellant argues the trial court did not follow *Saxon* in resentencing him, we review his resentence to determine whether it is contrary to law.

**{¶14}** We note that, not only did appellant fail to make his *Saxon* argument in the trial court, he did not make any objection at all to his resentence. When reviewing sentencing errors, the Supreme Court of Ohio has consistently held that a failure to object waives all but plain error. *See e.g. State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶152.

**{¶15}** Here, because appellant did not raise his objection pursuant to *Saxon* in the trial court, he waived all but plain error. Crim.R. 52(B) allows us to correct "[p]lain errors or defects affecting substantial rights" that were not brought to the attention of the trial court. In *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), the Supreme Court of Ohio set forth very strict limitations on what constitutes plain error. First, there must be an error, i.e., a deviation from a legal rule. *Id.* Second, the error must be plain, i.e., the error must be an "obvious" defect in the proceedings. *Id.* Third, the error must have

affected "substantial rights." *Id.* In *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, the Supreme Court held that the defendant has the burden of demonstrating plain error. *Id.* at ¶17. Further, the decision to correct a plain error is discretionary and should be made "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes, supra,* quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Thus, our review is limited to a determination of plain error.

{¶16} In *Saxon*, *supra*, the Supreme Court held: "An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence." *Id.* at paragraph three of the syllabus.

{¶17} In so holding, the Supreme Court declined to adopt the "sentencing-package doctrine" applied in federal courts, pursuant to which courts consider the sanctions imposed on multiple offenses as the components of a single sentencing plan. *Id.* at ¶5, 10. According to this doctrine, an error in the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense. *Id.* at ¶6. Thus, under this doctrine, in a direct appeal from multiple-count convictions, the appellate court has the authority to vacate all sentences even if only one is reversed on appeal. *Id.*

{¶18} As noted above, in *Wells I*, this court remanded for appellant to be resentenced for burglary. However, in addition to reducing appellant's sentence for burglary from five to two years, the trial court ordered that appellant's sentence for

5

failure to comply be served consecutively to the sentences for the other offenses of which he was convicted, as required by R.C. 2921.331(D).

**{¶19}** Appellant was convicted of failure to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B) and R.C. 2921.331(C)(5). R.C. 2921.331(D) provides:

> **{¶20}** If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender *shall* serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender. (Emphasis added.)

**{¶21}** "[A] sentence that does not contain a statutorily mandated term is a void sentence." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶14, citing *State v. Beasley*, 14 Ohio St.3d 74 (1984). The Supreme Court of Ohio in *Simpkins* held that, where the sentencing judge "disregards what the law clearly commands, such as when a judge fails to impose a nondiscretionary sanction required by a sentencing statute, the judge acts without authority." *Id.* at ¶21. Further, "if a judge imposes a sentence that is unauthorized by law, the sentence is unlawful." *Id.* If a sentence is unlawful, it is not merely erroneous or voidable; rather, it is unauthorized and void. *Id.* By way of example, the Court cited *Beasley*, *supra*. In Beasley, the applicable sentencing statute *required* the judge to impose a prison term and *permitted* the judge to impose a fine. *Id.* at 75. The trial court disregarded the statutory mandate and imposed only a fine. The Supreme Court held in *Beasley* that the trial court had exceeded its authority by

6

disregarding the statutory-sentencing requirement and that the purported sentence was a nullity and must be considered void. *Id.* Further, the Court in *Simpkins, supra,* held that "[a] trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so." *Id.* at ¶22. "Indeed, it has an obligation to do so when its error is apparent." *Id.*

**{¶22}** Ohio Appellate Districts have held that a sentencing court does not have discretion in imposing a consecutive sentence for failure to comply pursuant to R.C. 2921.331(D), and that if a prison term is imposed for this offense that is not consecutive, the sentence is void. In *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, the trial court ordered the defendant's sentence for failure to comply to be served concurrently to a prison term for another offense. The state appealed. The Tenth District held:

> **{¶23}** Under the terms of * * * R.C. * * * 2921.331(D), the trial court was required to impose any prison term for the failure-to-comply conviction consecutively to any other prison term imposed on appellee. Other appellate courts have reached the same conclusion in applying these statutes. *See State v. Spicer*, 8th Dist. No. 92384, 2010-Ohio-61, ¶19 ("[P]ursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, no matter if the sentence is being imposed on the same or different case."); *State v. Whittsette*, 8th Dist. No. 85478, 2005-Ohio-4824, ¶10 ("[A] trial court has no discretion in the decision to impose a consecutive sentence for a

violation of R.C. 2921.331(B)."); *State v. Mango*, 7th Dist. No. 01 CA 170, 2002-Ohio-6890, ¶19 ("[I]t appears that the trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B)."). Accordingly, the trial court's judgment is contrary to law because it does not comply with the mandates of R.C. * * * 2921.331(D).

**{¶24}** * * *

**{¶25}** "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Beasley*, [*supra*]. * * * In this case, the trial court was statutorily required to impose a consecutive sentence for appellee's conviction for failure to comply but failed to do so. Therefore, appellee's original sentence was void. *June*, *supra*, at ¶7-9.

**{¶26}** As a result, the Tenth District in *June* reversed the conviction and remanded the case for resentencing. *Id.* at ¶11.

**{¶27}** Ohio Appellate Districts routinely remand for resentencing to correct the trial court's failure to apply R.C. 2921.331(D). For example, in *State v. Coleman*, 6th Dist. Sandusky No. S-06-023, 2007-Ohio-448, the defendant was convicted of several offenses, including failure to comply with an order or signal of a police officer. At sentencing, the trial court ordered the sentences imposed for murder and felonious assault to be served consecutively, while the sentence for failure to comply was to be

8

served concurrently. The defendant appealed his sentence, but, not surprisingly, did not appeal his concurrent sentence for failure to comply. The trial court held:

{¶28} We must sua sponte find * * * error in the trial court's order for the one year term for failure to comply to run concurrent to the other terms. Appellant was convicted of R.C. 2921.331(B) and (C)(4) * * *. R.C. 2921.331(D) grants discretion in whether a court may impose a prison term for the offense; if a prison term is imposed, however, it must be ordered consecutive to any other sentence imposed.

{¶29} The portion of appellant's sentence ordering the one year term for failure to comply to run concurrent to all other sentences is, therefore, contrary to statute. *Coleman*, *supra*, at ¶24-25.

{¶30} As a result, pursuant to R.C. 2953.08(G)(2)(b), the Sixth District in *Coleman* modified the defendant's conviction and ordered the one-year term imposed for failure to comply to run consecutively to the other terms imposed.

{¶31} Appellant argues that by applying R.C. 2921.331(D) to his sentence for failure to comply, the trial court violated the doctrine of res judicata. However, "principles of res judicata do not apply to void sentences because, by definition, a void sentence means that no final judgment of conviction has been announced." *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶8.

{¶32} Due to the mandatory nature of R.C. 2921.331(D), the trial court was required to impose a consecutive sentence for failure to comply. However, because the trial court failed to apply R.C. 2921.331(D), his original sentence was void. Once this

9

error became apparent to the trial court at the resentencing hearing, the trial court was obligated to correct it.

{¶33} Alternatively, on remand for resentencing, the trial court had the discretion to order appellant to serve his sentence for burglary consecutively to his sentence for the two other offenses. In fact, the court stated at the resentencing, and ordered in the judgment entry, that the concurrent two-year sentence for burglary and receiving would be served consecutively to the three-year sentence for failure to comply. The Supreme Court of Ohio in *Saxon* held:

> {¶34} Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. * * * Only after the judge has imposed a separate prison term for each offense may the judge then consider *in his discretion whether the offender should serve those terms concurrently or consecutively.* *Id.* at ¶9.

{¶35} Further, in *State v. Busby*, 10th Dist. Franklin No. 09AP-1119, 2010-Ohio-4516, the defendant was found guilty of four counts of rape. The court sentenced him to concurrent prison terms. On appeal, the court affirmed the convictions but found the trial court erred in sentencing and remanded for resentencing. On remand, the court

10

sentenced appellant to consecutive prison terms on each count. On appeal, the Tenth District held that by remanding the case for resentence, the trial court's discretion was not limited and it was not prohibited from imposing consecutive sentences. *Id.* at ¶6.

{¶36} Further, the Second District in *State v. Mitchell*, 2d Dist. Montgomery No. 21020, 2006-Ohio-1602, held that in resentencing a defendant following remand, the trial court is free to "impose any sentence within the appropriate felony range. If the offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." *Id.* at ¶11, citing *State v. Foster*,109 Ohio St.3d 1, 2006-Ohio-856, ¶105.

{¶37} In summary, because the trial court was obligated to correct appellant's void sentence for failure to comply, the trial court did not commit plain error in imposing a consecutive sentence for this offense. Alternatively, because the trial court was authorized to impose a consecutive sentence for appellant's burglary conviction, appellant's resentence did not result in plain error.

{¶38} For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

11